UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| V. ) | CRIMINAL NO. 03-10379-JLT |
| ) | |
| CHRISTINE P. MCCROHAN, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S MOTION FOR COURT TO SET A DATE FOR
<u>RULE 11 HEARING AND TO EXCLUDE TIME</u>**

The parties in the above-captioned case jointly move this Court to set a date for the Rule 11 hearing in this matter. A copy of the signed plea agreement is attached to this motion for the Court's consideration. Additionally, the parties move to exclude, in computing the time within which the trial of this matter shall commence under 18 U.S.C. § 3161(c)(1), the following time period in the interests of justice and pursuant to 18 U.S.C. § 3161(I): January 12th until the date the Rule 11 hearing is scheduled.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ B. Stephanie Siegmann
B. Stephanie Siegmann
Assistant U.S. Attorneys

CHRISTINE P. MCCROHAN
The Defendant

By: /s/ Anthony Mastromarino by BSS
Anthony K. Mastromarino, Jr.



U.S. Department of Justice

*Michael J. Sullivan*
United States Attorney
District of Massachusetts

---

Main Reception: (617) 748-3100

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

December 23, 2003

Anthony R. Mastromarino, Jr., Esq.
39 Taunton Green, Suite 202
Taunton, MA 02780

    Re: United States v. Christine P. McCrohan
        Criminal No. 03-10379-JLT

Dear Mr. Mastromarino:

    This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Christine P. McCrohan ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.    <u>Change of Plea</u>

    At the earliest practicable date but in no event later than February 2, 2004, Defendant shall plead guilty to the one count Indictment now pending under Criminal Number 03-10379-JLT. Defendant expressly and unequivocally admits that she did in fact knowingly, intentionally and willfully commit the crime charged, and is in fact guilty of that offense.

    2.    <u>Penalties</u>

    Defendant faces the following penalties: the maximum punishment for violation of Title 18, United States Code, Section 1709 is five years imprisonment, a $250,000 fine, three years supervised release, and a $100.00 special assessment.

3. <u>Sentencing Guidelines</u>

The parties will take the following positions at sentencing with regards to the offense conduct and adjustments under the United States Sentencing Guidelines ("U.S.S.G."):

(a) That the applicable Base Offense Level for the embezzlement of mail matter by a postal employee is 6 pursuant to U.S.S.G. §2B1.1(a); and

(b) That U.S.S.G. § 3B1.3 authorizes a two-level increase because the defendant abused a position of trust so the total offense level is 8.

Based on Defendant's prompt acceptance of personal responsibility for the offense of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by two levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between her execution of this Agreement and sentencing Defendant:

(a) Fails to admit a complete factual basis for the plea;

(b) Fails to truthfully admit her conduct in the offense of conviction;

(c) Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d) Fails to provide truthful information about her financial status;

(e) Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f) Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

2

    (g)    Intentionally fails to appear in Court or violates any condition of release;

    (h)    Commits a crime;

    (i)    Transfers any asset protected under any provision of this Agreement; and/or

    (j)    Attempts to withdraw her guilty plea.

Defendant expressly understands that she may not withdraw her plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that she receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4.    <u>Sentence Recommendation</u>

The U.S. Attorney agrees to recommend the following sentence before the District Court:

    (a)    One year probation;

    (b)    a fine of $2,200, unless the Court finds pursuant U.S.S.G. § 5E1.2(e) that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine; and

    (c)    a $100.00 mandatory special assessment.

The U.S. Attorney and Defendant agree that no further adjustments to the Guideline calculations are warranted. Accordingly, neither the U.S. Attorney nor Defendant will seek a departure on any ground under the Sentencing Guidelines, including, but not limited to, U.S.S.G. §§ 4A1.3 and 5K2.0-2.20.

In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves her right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

5. <u>Attempts to Obtain Employment with United States Postal Service in Future</u>

Defendant agrees that she will not seek to obtain any further employment with the United States Postal Service or to obtain or perform any contract work on behalf of the United States Postal Service.

6. <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

7. <u>Waiver of Rights to Appeal and to Bring Collateral Challenge</u>

Defendant is aware that she has the right to challenge her sentence and guilty plea on direct appeal. Defendant is also aware that she may, in some circumstances, be able to argue that her plea should be set aside, or her sentence set aside or reduced, in a collateral challenge (such as pursuant to a motion under 28 U.S.C. § 2255).

In consideration of the concessions made by the U.S. Attorney in this Agreement, Defendant knowingly and voluntarily waives her right to appeal or collaterally challenge:

  (1) Defendant's guilty plea and any other aspect of Defendant's conviction, including, but not limited to, any rulings on pretrial suppression motions or any other pretrial dispositions of motions and issues;

  (2) The adoption by the District Court at sentencing of any of the positions found in paragraph 3 which will be advocated by the U.S. Attorney with regard to offense conduct, adjustments and/or criminal history under the U.S. Sentencing Guidelines; and

  (3) The imposition by the District Court of a sentence which does not exceed that being recommended by the U.S. Attorney, as set out in paragraph 4 and, even if the Court rejects one or more positions advocated by the U.S. Attorney or Defendant with regard to the application of the U.S. Sentencing Guidelines.

4

Defendant's waiver of rights to appeal and to bring collateral challenges shall not apply to appeals or challenges based on new legal principles in First Circuit or Supreme Court cases decided after the date of this Agreement which are held by the First Circuit or Supreme Court to have retroactive effect.

This Agreement does not affect the rights or obligations of the United States as set forth in 18 U.S.C. § 3742(b), and the U.S. Attorney therefore retains his appeal rights.

8. <u>Court Not Bound By Agreement</u>

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw her plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw her plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

9. <u>Information For Presentence Report</u>

Defendant agrees to provide all information requested by the U.S. Probation Office concerning her assets.

10. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of her conduct and her plea of guilty to the charges specified in paragraph one of this Agreement.

11. <u>Rejection of Plea By Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of

the U.S. Attorney.

12. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of her pretrial release, or has committed any crime following her execution of this Agreement, the U.S. Attorney may, at his sole option, be released from his commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by her of an obligation under this Agreement shall give rise to grounds for withdrawal of her guilty plea. Defendant understands that, should she breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by her, and any information, materials, documents or objects which may be provided by her to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which she might otherwise have under any statute of limitations or the Speedy Trial Act.

13. <u>Who Is Bound By Agreement</u>

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

14. <u>Complete Agreement</u>

This letter contains the complete agreement between the parties. No promises, representations or agreements have been made other than those set forth in this letter. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

    If this letter accurately reflects the Agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below.  Please also sign below as Witness.  Return the original of this letter to Assistant U.S. Attorney B. Stephanie Siegmann.

                                    Very truly yours,

                                    MICHAEL J. SULLIVAN
                                  United States Attorney

By: _____
    JAMES B. FARMER
    Assistant U.S. Attorney
    Chief,
    Criminal Division

    STEPHEN P. HEYMANN
    Assistant U.S. Attorney
    Deputy Chief,
    Criminal Division

    B. STEPHANIE SIEGMANN
    Assistant U.S. Attorney

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

Christine P. McCrohan
Defendant

Date: 1/5/04

I certify that Christine P. McCrohan has read this Agreement and that we have discussed its meaning. I believe she understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

Anthony R. Mastromarino, Jr.
Attorney for Defendant

Date: 01/05/04

8